# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES L. ADLER, GRANT ADLER, and C. M. ADLER, LLC, | Case No. 22-cv-06598-GC-DEA |
| Plaintiffs, | |
| v. | *Electronically Filed* |
| GRUMA CORPORATION D/B/A MISSION FOODS and GUERRERO MEXICAN FOOD PRODUCTS, ETC., | |
| Defendant. | |

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS AND COMPEL ARBITRATION

**LOCKE LORD LLP**

Richard J. Reibstein, Esq.
Christopher B. Fontenelli, Esq.
One Gateway Center
26th Floor, Suite 18
Newark, NJ 07102
(973) 520-2300
rreibstein@lockelord.com
cfontenelli@lockelord.com

*Attorneys for Defendant Gruma Corporation d/b/a Mission Foods and Guerrero Mexican Food Products*

March 27, 2023

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

A.   Texas Law, Not New Jersey Law, Applies To The Arbitration Clause..........2

B.   Defendant's Motion To Compel Arbitration Does Not Seek To Preclude Plaintiffs From Asserting Any Statutory Claims Under New Jersey Law......7

C.   The Language Of The Arbitration Clause Is Broad And Covers All Of The Claims For Relief Including Those Alleged As Arising Under NJ Statutes...8

D.   The Individual Plaintiffs Are Governed By The Arbitration Clause In The SDDA Even Though They Are Non-Signatories. ........................................10

E.   The Arbitration Clause Is Not Unconscionable.............................................11

F.   Plaintiffs Are Not Exempt From Arbitration Under As Interstate Transportation Workers Underthe FAA; In Any Event, Texas Arbitration Law Governs Even If the FAA Does Not.............................................................13

G.   Plaintiffs' Argument That New Jersey Franchise Practice Act Prohibits Mandatory Arbitration Has Long Ago Been Rejected By The Courts. ........14

CONCLUSION ........................................................................................................15

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Atalese v. U.S. Legal Servs. Grp. L.P.*,
219 N.J. 430 (2014) ..................................................................................5, 6, 7

*AutoNation USA Corp. v. Leroy*,
105 S.W.3d 190 (Tex. App. 2003).........................................................9

*B & S Ltd. v. Elephant & Castle Int'l, Inc.*,
388 N.J. Super. 160 (2006)..................................................................15

*Bissonnette v. LePage Bakeries*,
49 F.4th 655 (2d Cir. 2022) ..............................................................14

*Central Jersey Freightliner, Inc. v. Freightliner Corp.*,
987 F.Supp. 289 (D.N.J. 1997).........................................................14

*Chemetall US Inc. v. Laflamme*,
No. 16-cv-780, 2016 WL 885309 (D.N.J. Mar. 8, 2016)................................5, 6

*Coface Collections N.A. Inc. v. Newton*,
430 F. App'x 162 (3d Cir. 2011) ...............................................4, 5, 6

*In re Conseco Fin. Servicing Corp.*,
19 S.W.3d 562 (Tex. App. 2000)..........................................................9

*County of Passaic v. Horizon Healthcare Servs., Inc.*,
No. A-0952-21, 2023 WL 1807031 (N.J. App. Div. Feb. 8, 2023) ....................7

*Diversant, LLC v. Carino*,
No. 18-cv-3155, 2018 WL 1610957 (D.N.J. Apr. 2, 2018) ........................4, 5, 6

*Emerald Texas Inc. v. Peel*,
920 S.W.2d 398 (Tex. App. 1996)........................................................8

*Howmedica Osteonics Corp. v. Howard*,
No. 19-cv-19254 (EP), 2022 WL 16362464 (D.N.J. Oct. 28, 2022) ...........3, 4, 6

*Instructional Sys., Inc. v. Computer Curriculum Corp.*,
130 N.J. 324 (1992) ...............................................................................2

*Martin, Inc. v. Henri Stern Watch Agency*,
  No. 2:11-cv-1602 (CCC), 2012 WL 1455229 (D.N.J. Apr. 25, 2012) ........14, 15

*Navraj Rest. Grp., LLC v. Panchero's Franchise Corp.*,
  No. 11-cv-7490 (PGS), 2013 WL 4430837 (D.N.J. Aug. 15, 2013).................14

*North Bergen Rex Transp., Inc. v. Trailer Leasing Co.*,
  158 N.J. 561 (1999) ...............................................................................2, 3

*Parilla v. IAP Worldwide Servs. VI, Inc.*,
  368 F.3d 269 (3d Cir. 2004) ..............................................................12

*Rockware v. ETZ Hayim Holding, Inc.*,
  2020 U.S. Dist. LEXIS 241991 (D.N.J. Dec. 23, 2020).......................................7

*Rosenberg v. Hotel Connections, Inc.*,
  No. 21-cv-4876 (ZNQ), 2022 WL 7534445 (D.N.J. Oct. 13, 2022)...............5, 6

*Ski River Dev., Inc. v. McCalla*,
  167 S.W.3d 121 (Tex. App. 2005)................................................................12, 13

**Statutes and Rules**

Fed. R. Civ. P. 12(b) .............................................................................1

Fed. R. Civ. P. 53 ...............................................................................11

Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*....................................................*passim*

New Jersey Franchise Practices Act, N.J.S.A. § 56:10-1, *et seq.*.......................10, 14

Texas Arbitration Act, Tex. Civ. Prac. & Rem. Code § 171.001, *et seq.*.........*passim*

**Treatises and Commentary**

Restatement (Second) of Conflicts of Laws § 187 (1969) ...............................*passim*

Defendant Gruma Corporation ("Gruma") files this Reply Brief in further support of its Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and to Compel Arbitration pursuant to the Texas Arbitration Act ("TAA") and Federal Arbitration Act ("FAA") and in response to Plaintiffs' Brief in Opposition to Defendant's Motion.

Plaintiffs' opposition brief is peppered with misstatements of the law. It critically omits the key language from a New Jersey Supreme Court decision bearing on the central issue relating to the choice of law. Plaintiffs also disregard controlling precedent addressing the scope of the arbitration clause that mandates arbitration of this matter. In addition, they repeatedly state that Gruma is asking this Court to countenance a waiver of Plaintiffs' substantive rights under certain New Jersey statutes – even though this motion simply seeks an order compelling Plaintiffs to resolve those matters before an arbitrator as opposed to a court. Further, the opposition brief fails to distinguish or rebut *any* of the judicial authority cited by Gruma in support of its motion to compel arbitration. Instead, Plaintiffs devote a substantial portion of their opposition brief to factual and legal matters that are wholly irrelevant to the issues presented by this motion. Plaintiffs also advance arguments that have been soundly rejected by New Jersey courts long ago. In sum, Plaintiffs' opposition fails to provide this Court with any basis upon which to deny Gruma's motion to compel arbitration.

**A.**     **Texas Law, Not New Jersey Law, Applies To The Arbitration Clause.**

On page 7 of their opposition brief, Plaintiffs quote from the New Jersey Supreme Court decision in *North Bergen Rex Transp., Inc. v. Trailer Leasing Co.,* 158 N.J. 561 (1999). They state: "Ordinarily, when parties to a contract have agreed to be governed by the laws of a particular state, New Jersey courts will uphold the contractual choice if it does not violate New Jersey's public policy." *Id.* at 568 (underscored in Plaintiffs' brief). Plaintiffs, though, have conveniently quoted only a selected part of *North Bergen*'s reference to Section 187 of the Restatement (Second) of Conflicts, choosing to leave out the key language containing the two exceptions in Section 187 that the Supreme Court added immediately after the one and only sentence that Plaintiffs chose to quote in their brief. The missing language is as follows:

> However, New Jersey law will govern if: "(a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or (b) application of the law of the chosen state would be contrary to a fundamental policy of a state **which has a materially greater interest than the chosen state** in the determination of the particular issue and which … would be the state of the applicable law in the absence of an effective choice of law by the parties." [*Id.* at 342, 614 A.2d 124 (quoting *Restatement (Second) of Conflicts of Laws* § 187 (1969) (Restatement)).]

*Id.* at 568–69 (emphasis added); *see also Instructional Sys., Inc. v. Computer Curriculum Corp.,* 130 N.J. 324, 341–42 (1992) (likewise quoting Restatement).

2

Thus, by virtue of Section 187 of the Restatement, as cited to and relied upon by the New Jersey Supreme Court, it is not sufficient for Plaintiffs merely to argue that the application of the Texas choice of law provision in the Store Door Distribution Agreement ("SDDA") would lead to a result that is contrary to a fundamental public policy of New Jersey. Rather, New Jersey courts will ***only*** apply New Jersey law pursuant to the Restatement ***if*** Plaintiffs can also show that New Jersey has a "materially greater interest" in the matter than does Texas.

Gruma addressed the Restatement's "materially greater interest" requirement on pages 11–15 of its main brief, citing to a recent decision in this District, *Howmedica Osteonics Corp. v. Howard,* No. 19-cv-19254 (EP), 2022 WL 16362464, at *6 (D.N.J. Oct. 28, 2022). That case involved a contractual provision where the parties, who resided in California and New Jersey, had selected New Jersey as their choice of law. The *Howmedica* court restated the legal principle that the law of the state selected by the parties in their contract will govern *unless* one of two exceptions applies. In *Howmedica*, as here, the first exception was not at issue, so the District Court focused on the second exception. In their opposition brief, Plaintiffs address only a *portion* of the second exception, totally ignoring the essential words in exception (b) relating to a "materially greater interest than the chosen state" (as highlighted in bold italics above from the passage quoting from the *North Bergen* case). The *Howmedica* Court stated:

3

> For the Court to adopt Defendants' position and find that
> exception (b) applies, Defendants must establish: (1) California
> **has a materially greater interest than New Jersey [the state**
> **selected under the parties' contract]** in the outcome of this
> dispute; (2) application of New Jersey law would be contrary to
> a fundamental public policy of California; and (3) absent a valid
> and enforceable choice of law clause, California law would
> apply. *Divergent, LLC v. Carino*, Civ. No. 18-3155, 2018 U.S.
> Dist. LEXIS 56073, at *7 (D.N.J. Apr. 2, 2018).

*Howmedica*, 2022 WL 16362464, at *6 (emphasis added). The *Howmedica* court

then examined the interests of both states. It noted that the individual parties lived

and worked in one state and the alleged wrongful acts occurred in that state. In

contrast, it noted that the corporate party was partially based in the other state, where

part of its senior leadership team and its R&D, finance, and operations employees

were based. *Id.*, at *7. The District Court found that both states had a substantial

interest in enforcing the rights of the parties but that neither had a "materially greater

interest" than the other. *Id.* The District Court concluded: "Because Defendants have

not and cannot establish that California has a materially greater interest than New

Jersey, the Court need not reach the second [the public policy] and third [common

law conflicts of law] elements of exception (b) of the Restatement (Second) of the

Conflict of Laws § 187(2)." *Id.*, at *8. The *Howmedica* court accordingly upheld the

choice of law clause as "valid and enforceable." *Id.*

Similar results were reached in *Coface Collections N.A. Inc. v. Newton*, 430

F. App'x 162, 168 (3d Cir. 2011) (neither state had a materially greater interest

where one party resides and works in one state while the other party is incorporated and does business in the other state); *see also Rosenberg v. Hotel Connections, Inc.*, No. 21-cv-4876 (ZNQ), 2022 WL 7534445, at *3–5 (D.N.J. Oct. 13, 2022) (New Jersey did not have a materially greater interest than New York when the plaintiff lived, worked, and signed the agreement in New Jersey and brought actions under New Jersey law, but the defendant was incorporated in New York); *Diversant, LLC v. Carino*, No. 18-cv-3155, 2018 WL 1610957, at *2–4 (D.N.J. Apr. 2, 2018) (one state did not have a materially greater interest than the other where the agreement was signed, performed, and allegedly breached in California, but the other party was headquartered in the other state where it had its administrative and corporate offices); *Chemetall US Inc. v. Laflamme*, No. 16-cv-780, 2016 WL 885309, at *6–8 (D.N.J. Mar. 8, 2016) (a party's residing, working, servicing his customers, and executing the contract in one state does not mean that it has a materially greater interest than another state where the other party is headquartered).

In these circumstances, even if (as Plaintiffs contend) the SDDA fails to meet the requirement that an arbitration clause include language that the parties waive their right to a jury trial for certain employment and consumer credit transactions, as set forth in *Atalese v. U.S. Legal Servs. Grp. L.P.,* 219 N.J. 430, 436 (2014), and even if such arbitration clause would otherwise be contrary to the public policy of

5

New Jersey, that alone cannot invalidate the SDDA's choice of law provision *where New Jersey does not have a materially greater interest in the matter than does Texas*.

Although Plaintiffs refer on page 10 of their opposition brief to the Declaration of Ron Anderson, Gruma's V.P. of Retail Sales, characterizing it as "self-serving and wholly unsupported," Plaintiffs do not dispute a single statement therein. The Declaration does not merely recite, as Plaintiffs suggest, that Gruma is headquartered in Texas. Rather, it addresses an array of Gruma's business activities dealing with independent distributors and the SDDA that have transpired and continue to transpire in Texas. These undisputed facts herein provide as strong or even stronger basis than do the facts in *Howmedica, Coface*, *Rosenberg, Diversant*, and *Chemetall* for concluding that New Jersey does *not* have a materially greater interest in this matter than Texas.[1]

In these circumstances, Plaintiffs' many references throughout their brief to *Atalese* and other cases addressing the public policy of New Jersey are wholly irrelevant because Plaintiffs cannot establish the very first element of the second exception to Section 187 of the Restatement. Where New Jersey does not have a

---

[1] Notably, Plaintiffs have chosen not to discuss, distinguish, or seek to rebut any of those five cases that applied Section 187 of the Restatement, even though all (other than *Diversant*) were cited in Gruma's main brief. Nor do Plaintiffs argue that New Jersey has a materially greater interest than Texas.

"materially greater interest" in this matter than does Texas, the public policy of New Jersey is not relevant under Section 187 of the Restatement.[2]

**B.      Defendant's Motion To Compel Arbitration Does Not Seek To Preclude Plaintiffs From Asserting Any Statutory Claims Under New Jersey Law.**

In an effort to try to bolster their position that the choice of law provision in the SDDA should be disregarded, Plaintiffs argue at various points of their opposition brief that "'public policy considerations prevent New Jersey residents from waiving their substantive rights' under state employment law 'through contractual choice of law provisions that invoke another state's law.'" *See* Pl. Opp. Br. at 9 (quoting *Rockware v. ETZ Hayim Holding, Inc.*, 2020 U.S. Dist. LEXIS 241991, at *4–5 (D.N.J. Dec. 23, 2020)). However, Plaintiffs have wholly mischaracterized and misconstrued the pending motion to compel arbitration. This motion simply seeks an order compelling Plaintiffs to arbitrate their claims for relief instead of litigating them in court. Gruma has not asserted in this motion that any New Jersey statutory rights Plaintiffs have asserted under the state's wage and hour laws or franchise practices law are in any manner waived or otherwise unavailable for Plaintiffs to assert in arbitration, by virtue of the Texas choice of law provision.

---

[2] In any event, Gruma asserts that *Atalese* is inapplicable in a commercial relationship between a manufacturer and a limited liability company such as Plaintiff C.M. Adler LLC, especially where the LLC claims to be a franchisee. *See County of Passaic v. Horizon Healthcare Servs., Inc.*, No. A-0952-21, 2023 WL 1807031, at *2 (N.J. App. Div. Feb. 8, 2023).

7

Therefore, this portion of Plaintiffs' opposition is also irrelevant. Each and every one of Plaintiffs' asserted statutory claims under New Jersey law may well be heard and decided by an arbitrator.

**C.     The Language Of The Arbitration Clause Is Broad And Covers All Of The Claims For Relief Including Those Alleged As Arising Under NJ Statutes.**

In Gruma's main brief in support of the instant motion, it cited to cases decided under the TAA, consistent with the choice of law provision designating Texas law as governing the SDDA. Those Texas cases compelled arbitration of all claims asserted in cases where the arbitration clauses contained nearly identical language as found in the SDDA, which covers "any and all . . . claims and causes of action arising out of or relating to this Agreement". *See* Def. Main Br. at 16–17, especially *Emerald Texas Inc. v. Peel*, 920 S.W.2d 398, 404 (Tex. App. 1996) ("The duty to design and build the Peels' house without negligence . . . and the Peels' consumer status under their DTPA claim, all arise from, and not independently of, the contract.").

The choice of law provision in the SDDA also provides: "The Federal Arbitration Act, 9 U.S.C. § 1 et seq. shall also apply as needed to uphold the validity or enforceability of the arbitration provisions of this Agreement." *See* SDDA at Subsection 15(k). Case law decided under the FAA, just like the case law under the TAA, regards the "arising out of or relating to" language as extremely broad,

covering both statutory and non-statutory claims, unless they "arise independently of" the contract containing the arbitration clause. *See, e.g., AutoNation USA Corp. v. Leroy*, 105 S.W.3d 190, 195–96 (Tex. App. 2003) (statutory claim under Texas Finance Code falls within scope of arbitration clause covering claims "arising out of or relating to" a purchase agreement); *In re Conseco Fin. Servicing Corp.,* 19 S.W.3d 562, 570 (Tex. App. 2000) (statutory claims under Debt Collection Act and Deceptive Trade Practices Act "arise from or relate to the contract").

Plaintiffs chose not to address the TAA or FAA cases cited by Gruma regarding the scope of the arbitration clause or the fact that their Complaint allegations expressly connect the SDDA to each of their statutory wage and retaliation claims. Plaintiffs cannot legitimately assert that their statutory claims do not "aris[e] out of or relat[e] to the [SDDA] Agreement" when they themselves envelop the SDDA in all such claims.

Indeed, as noted in Gruma's main brief, the Complaint cites to the SDDA over 60 times, alleges over a dozen times that the SDDA governs all of the Plaintiffs, and devotes a full six pages (at 14–20) to the manner in which their statutory claims under the wage and retaliation laws are directly tied to the SDDA.

Plaintiffs' remaining statutory claim is brought under the New Jersey Franchise Practices Act ("NJFPA"), which defines a franchise as requiring "a written arrangement" between the parties. *See* N.J.S.A. § 56:10-3(a). Thus, the SDDA is an

essential element of Plaintiffs' NJFPA claim; otherwise, they cannot establish a "written arrangement." In addition, Plaintiffs expressly refer to the SDDA in their NJFPA claim and hinge their franchise claim on Gruma's termination of the SDDA. *See* Def. Main Br. at 27–28.

As noted in Section A, above, the choice of law provision (designating the law of Texas, with the additional use of the FAA if needed "to uphold the validity or enforceability of the arbitration provisions of this Agreement") must be honored because New Jersey does not have a "materially greater interest" than Texas in this matter. Hence, Texas law (and the law under the FAA), and not New Jersey law, applies to this motion to compel arbitration. To the extent the cases relied upon by Plaintiffs regarding the scope of the arbitration clause, including whether statutory claims are covered by the SDDA's arbitration provisions, are based upon New Jersey law, they are inapplicable to the instant motion.

**D.    The Individual Plaintiffs Are Governed By The Arbitration Clause In The SDDA Even Though They Are Non-Signatories.**

On page 21 of their brief, Plaintiffs dedicate only a single paragraph to their argument that Charles Adler and his son Grant Adler are not signatories to the SDDA and therefore "they are not bound by the SDDA in their individual capacities." Plaintiffs have chosen not to address a single one of the many cases decided by the Third Circuit, this District Court, and by the courts in Texas that Gruma cited on pages 20–23 of its main brief. Those cases hold that under the estoppel doctrine,

10

non-signatories are bound to arbitration clauses when they rely upon, seek relief under, and have benefitted from the contract containing an arbitration clause from which they now seek to distance themselves. Nor do Plaintiffs cite any cases in support of their position that Charles and Grant Adler are not bound to the arbitration provisions in the SDDA. Plaintiffs' perfunctory opposition to this point of law is a tacit acknowledgment that the individual Plaintiffs are governed by the SDDA's arbitration provisions.

## E.   The Arbitration Clause Is Not Unconscionable.

Plaintiffs argue that the SDDA's arbitration clause is "substantively unconscionable as it alters and limits the rights and remedies available to the Plaintiffs in arbitration" (Pl. Opp. Br. at 22 [heading of Section D]) and "makes it . . . much more costly and ineffective and time consuming" (*id.* at 24). Plaintiffs' argument focuses on the provision in the SDDA that provides for a right, available to either party, for judicial review of an arbitration award by a U.S. Master under Fed. R. Civ. P. 53. (the "Master Review Clause"). It is hard to understand why this mutual right to review is any different than a commonplace contractual provision specifying that both parties shall have the same rights to discovery in arbitration as they do under the Federal Rules of Civil Procedure, which potentially increases the time and costs of arbitration. Plaintiffs assert that this mutual right would "bankrupt the individual Plaintiff[s] along the way" (Pl. Opp. Br. at 24), but they provide no

11

factual support for this dramatic assertion in the Adler Declaration. They also contend this mutual right would "alter[ ] and limit[ ] the relief available to Plaintiffs through the arbitration process" and "thwart the Plaintiffs' ability to have meaningful claims heard and decided" (*id.*), but they do not articulate how their right to have their claims decided would be "thwarted" or how any of their available relief would be "altered or eliminated."[3]

Plaintiffs cite only one case, *Parilla v. IAP Worldwide Servs. VI, Inc.,* 368 F.3d 269, 276–77 (3d Cir. 2004), in support of this argument. That case provides absolutely no support for Plaintiffs' unconscionability argument, finding certain types of provisions that benefitted only one side as unconscionable, while upholding provisions applicable to both parties. *Parilla* also failed to find the "loser pays" provision unconscionable because there was no support in the record that the provision in question was "prohibitively expensive."

Under Texas law, which governs the SDDA, the standard for substantive unconscionability is that the provision must be "sufficiently shocking or gross to compel the court to intercede." *Ski River Dev., Inc. v. McCalla*, 167 S.W.3d 121,

---

[3] On page 24 of their opposition brief, Plaintiffs state that Gruma "literally took their route – a route that Plaintiff Adler had purchased in 2014 and the Defendant took without fair or reasonable compensation upon the unlawful termination in June 2022." Plaintiffs neglected to mention to this Court that Gruma paid Plaintiff C.M. Adler LLC the agreed upon amount for the Route in accordance with the terms of the SDDA (the excess of the "Formula Value" over the "Initial Formula Value"), as noted in the first paragraph of Exhibit 2 annexed to the Complaint.

136 (Tex. App. 2005). The Master Review Clause is hardly shocking or gross. It is mutual, affording the same rights to both parties, and Plaintiffs fail to assert in the Adler Declaration that the costs associated with the clause is prohibitively expensive or that Plaintiffs cannot afford the incremental costs of a review by a master.

**F.      Plaintiffs Are Not Exempt From Arbitration Under As Interstate Transportation Workers Underthe FAA; In Any Event, Texas Arbitration Law Governs Even If the FAA Does Not.**

Plaintiffs argue that the motion to compel arbitration should be denied because the FAA exempts them from arbitration under the interstate transportation worker exemption in 9 U.S.C. § 1. This argument fails for two reasons.

First, this motion is not based solely on the FAA. It is also based on the TAA, which provides a separate and independent basis upon which to compel arbitration. As shown above in Section A, Texas law governs the SDDA and its arbitration provisions under the Restatement, as applied by New Jersey courts. Plaintiffs do not assert that the TAA has an interstate transportation worker exemption similar to the FAA, nor could they, as there is no such exemption under the TAA. *See* Tex. Civ. Prac. & Rem. Code § 171.002. Thus, even if Plaintiffs were transportation workers, they are subject to arbitration under the TAA.

Second, even if this motion was based solely under the FAA, which it is not, Plaintiffs are not interstate transportation workers under the FAA. In their own words, as set forth in the Complaint and the Adler Declaration, Plaintiffs describe

their services as follows: they sell, market, and service Gruma products within New Jersey; service and maintain Gruma accounts; place product orders; receive products at Plaintiffs' warehouse; load product on their trucks; transport the product; put the product on the shelves and displays; remove stale products; keep up the relationships with the accounts; and sell displays and present sale items to Gruma accounts. *See* Compl. ¶¶ 20, 27, 47, 52; Adler Decl. ¶ 24.

While the transport of goods is an incident of Plaintiffs' marketing, sales, and service activities, incidental transportation does not qualify for the interstate transportation worker exemption. Recently, in *Bissonnette v. LePage Bakeries*, 49 F.4th 655, 661 (2d Cir. 2022), the Second Circuit held that distributors providing virtually the same services as do Plaintiffs "are not transportation workers, even those who drive a truck from which they sell and deliver the breads and cakes."

## G.   Plaintiffs' Argument That New Jersey Franchise Practice Act Prohibits Mandatory Arbitration Has Long Ago Been Rejected By The Courts.

This final argument by Plaintiffs has been soundly rejected by the courts, which have held, even since 1997, that the section of the NJFPA cited on page 26 of Plaintiffs' brief, N.J.S.A. § 56:10-7.3(a)(3), "violates the Supremacy Clause and is preempted by the FAA." *Central Jersey Freightliner, Inc. v. Freightliner Corp.*, 987 F.Supp. 289, 300 (D.N.J. 1997); *see also Navraj Rest. Grp., LLC v. Panchero's Franchise Corp.*, No. 11-cv-7490 (PGS), 2013 WL 4430837, at *6 (D.N.J. Aug. 15, 2013); *Martin, Inc. v. Henri Stern Watch Agency*, No. 2:11-cv-1602 (CCC), 2012

14

WL 1455229, at *3 (D.N.J. Apr. 25, 2012); *B & S Ltd. v. Elephant & Castle Int'l, Inc.*, 388 N.J. Super. 160, 174 (2006).

## CONCLUSION

For all of the foregoing reasons and those set forth in Defendant's main brief, we respectfully request that this Court grant the instant motion.

Dated: March 27, 2023          LOCKE LORD LLP

*/s/ Richard J. Reibstein*
Richard J. Reibstein, Esq.
Christopher B. Fontenelli, Esq.
One Gateway Center
26th Floor, Suite 18
Newark, NJ 07102
(973) 520-2300
rreibstein@lockelord.com
cfontenelli@lockelord.com

*Attorneys for Defendant Gruma Corporation d/b/a Mission Foods and Guerrero Mexican Food Products*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 27, 2023, true and correct copies of the foregoing Defendant's Reply Brief in further support of its Motion to Dismiss and Compel Arbitration were served via ECF on all parties entitled to notice.


*/s/ Richard J. Reibstein*
Richard J. Reibstein

16